is also probable, that, since his invention, paper of the thickness required is made with its pores open; and that, therefore, the question of steaming the paper has relation, properly, only to the question of whether the pores of the paper are sufficiently open without going through the process of steaming the paper. And such is the result of the evidence.

It is also urged, for the defendants, that they do not infringe because they use glue in their composition, and the patent does not speak of glue. Much testimony was taken, on the part of the defendants, to show that enameled paper for folded collars could not be successfully and practically made according to the description in the plaintiff's specification, without the use of glue. But this testimony was met and overthrown, and the counsel for the defendants admitted, on the hearing, that the plaintiff had proved with very great precision and beyond a peradventure, that his method of preparing enameled paper, as laid down in his specification, could be and was carried on successfully without the use of glue in the enameling composition. This subject of the use of glue in the composition has a connection with the question of the openness of the pores of the paper, and with the question of the sizing put into the paper at the paper mill in making it. Broadbent, one of the witnesses for the defendants, says, that, in enameling the paper for folded collars, the enameling composition must be exactly prepared to meet the condition of the paper; that paper may be slack-sized at the mill and may not have any sizing in it at all; and that, in that case, it will require glue, or some such substance, in the enameling composition, to supply the want of sizing, and in proper proportions to meet the condition. Walther, a witness for the plaintiff, says, that where the collar paper has in it the proper quantity of sizing, it is steamed to open the pores, and no glue is used in the composition; that, if the paper is deficient in sizing, it is either sized by the enameler or sizing is put into the enameling composition; that, if the paper is well sized, as all collar paper, if properly made, should be, the use of glue is not necessary to incorporate the composition with the open pores of the paper; that, prior to the plaintiff's invention, it was part of the state of the art, to put glue or some other glutinous substance into the enameling composition, when the paper was deficient in sizing, and that, when the enameled paper for the folded collars was first made, it used to be made with sufficient sizing. The use of the glue or sizing is to insure the firm adhesion of the coating of composition to the paper. The plaintiff testifies, that, at the time he made his invention, in the latter part of 1864, the collar paper, as furnished by the paper mills, was generally much better sized and more highly calendered than it has been more recently and is now; that, as a general thing, it is not now

as well made in either of those respects; that any enameler would know how to correct the absence of sufficient sizing in the paper, by adding it to the composition; and that that was part of the knowledge of the enameler when the plaintiff's invention was made. This testimony is not contradicted. It disposes of the objection that the plaintiff's specification does not prescribe the use of glue, and of the further objection that it does not direct that the paper shall have any particular degree of sizing. Those are matters of judgment in the skilled workman, to whom the specification is addressed. It speaks as of its date, the end of 1864, or January, 1865, and in reference to the collar paper as then in the market, in regard to sizing. When such collar paper is used, it has sufficient sizing, without the use of glue in the composition, to make the composition adhere firmly. But, because it is so sized, its pores are closed by the sizing and require to be artificially opened. If the paper is made with deficient sizing, so as to leave its pores open, and make steaming unnecessary, glue must be added to the composition. The plaintiff, using the sized paper which, on the evidence, must be held to be the paper to which his specification refers, found that, if he opened the pores, the composition would do its work without glue. He, therefore, said nothing about glue. But every enameler knew that a deficiency of sizing in the paper was to be supplied by putting glue into the enameling composition. The defendants create such deficiency of sizing, so as to get open pores in the paper without steaming it, and then supply the want of sizing by adding glue to the composition. This is an invasion of the patent, under a guise of evading it.

That the plaintiff applies his composition warm, and presses the coated paper between heated rollers, as stated in his specification, are minor matters, not shown to be of the essence of the invention. They do not affect the question of infringement.

The fact that the defendants emboss their paper collars with what is called the linen finish, is outside of the subject involved in the controversy. The plaintiff's specification says, that the surface enameled by his process will receive, without injury, any desired style of ornament or finish, and that the collars can be embossed as desired.

It results, that there must be a decree for the plaintiff, for a perpetual injunction and an account of profits, in the usual form, with costs.

[For another case involving this patent, see Hoffman v. Stiefel, Case No. 6,578.]

HOFFMAN (CATLIN v.). See Case No. 2,521.

## Case No. 6,576a.
HOFFMAN et al. v. McLEAN.
[See Case No. 13,665.]